**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In the Case of: STANLEY L. COHEN,

---

STANLEY L. COHEN,

*Appellant,*

v.

UNITED STATES OF AMERICA,

*Plaintiff-Appellee.*

No. 02-4443

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-01-226)

Submitted: November 27, 2002

Decided: December 23, 2002

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Patrick E. Brown, BROWN & WEINRAUB, L.L.C., Albany, New York, for Appellant. Paul J. McNulty, United States Attorney, Stephen W. Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Stanley Cohen appeals his conviction and sentence for contempt of court in violation of 18 U.S.C. § 401 (2000).* Finding no error, we affirm.

Cohen first challenges the sufficiency of the evidence to support the district court's finding of criminal contempt. To determine whether there was sufficient evidence to support a conviction, this Court considers whether, taking the evidence in the light most favorable to the government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This Court does not weigh the evidence or determine the credibility of the witnesses. Rather, the verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). With these standards in mind, we find the evidence was sufficient to support Cohen's contempt conviction.

Cohen next contends the district court denied him due process in several respects. Because Cohen failed to raise these issues before the district court, review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Under the plain error standard, Cohen must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *Id.* If these three elements are met, this court may exercise its discretion to notice the error only if the

---

*Although neither the show cause order nor the district court's final order identify a specific statute, the parties agree Cohen was held in criminal contempt. Moreover, it is clear from the record that Cohen was specifically found to be in violation of § 401(3).

error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* We find no plain error.

Finally, Cohen contends the district court judge testified at his contempt hearing, in violation of his due process rights and Fed. R. Evid. 605. Although Cohen failed to object at the contempt hearing, Rule 605 does not require contemporaneous objection. Fed. R. Evid. 605. Thus, review is for harmless error. *See* Fed. R. Crim. P. 52(a). We find this argument to be without merit. The district court judge did not testify at Cohen's proceeding, but merely exercised his common law power to explain, summarize and comment on the facts and evidence, and his power under Fed. R. Evid. 614 to question witnesses. Thus, Fed. R. Evid. 605 is inapplicable. *See United States v. Paiva*, 892 F.2d 148, 158-59 (1st Cir. 1989) (citing Fed. R. Evid. 605 advisory committee's note).

Accordingly, we affirm Cohen's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*